MINUTE ENTRY
AFRICK, J.
February 13, 2019
JS-10 00:10

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ARDELL BLOUNT**                                              **CIVIL ACTION**

**VERSUS**                                                     **No. 18-14295**

**GUARD-ONE PROTECTIVE**                                       **SECTION I**
**SERVICES, LLC**

## ORDER

A telephone conference was held on this date, with counsel participating on behalf of all parties. The Court and counsel discussed the motion[1] to dismiss filed by defendant S&S Management Group LLC d/b/a Guard-One Protective Services (incorrectly named as Guard-One Protective Services, LLC) ("S&S").

The motion was filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, which permits a court to dismiss claims for lack of subject matter jurisdiction. However, the legal basis for S&S's motion is plaintiff Ardell Blount's alleged failure to exhaust his administrative remedies. "Rule 12(b)(6) forms a proper basis for dismissal for failure to exhaust administrative remedies," not Rule 12(b)(1). *Taylor v. United States Treasury Dep't*, 127 F.3d 470, 478 n.8 (5th Cir. 1997); *see also*

---

[1] R. Doc. No. 11.

*Iturralde v. Shaw Grp. Inc.*, 512 F. App'x 430, 433 (5th Cir. 2013).[2] The Court therefore construes the motion to dismiss as a Rule 12(b)(6) motion.[3]

As discussed during the conference and agreed to by all parties,

**IT IS ORDERED** that the motion to dismiss is **GRANTED IN PART.** Ardell Blount's Americans with Disabilities Act claim against S&S Management Group LLC, incorrectly named as Guard-One Protective Services, LLC, is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the remaining state law claims are **REMANDED** to the 24th Judicial District for the Parish of Jefferson, State of Louisiana.

New Orleans, Louisiana, February 13, 2019.

                      **LANCE M. AFRICK**
                **UNITED STATES DISTRICT JUDGE**

---

[2] The Fifth Circuit has acknowledged its previous characterization of a plaintiff's failure to exhaust administrative remedies as jurisdictional; however, it has also declined to follow those opinions. *See Davenport v. Edward D. Jones & Co., L.P.*, 891 F.3d 162, 168–69 (5th Cir. 2018) ("[W]hen there is a conflict between decisions within this Circuit, the earlier panel decision controls. We therefore . . . find that the exhaustion requirement under Title VII is not jurisdictional."); *see also Davis v. Fort Bend Cty.*, 893 F.3d 300, 304–06 (5th Cir. 2018).

[3] Blount's state court petition does not specify the legal basis for his claims. Rather, it asserts that his employment was wrongfully terminated while he was receiving treatment for prostate cancer "in violation of Louisiana and federal laws." R. Doc. No. 1-1, at 2. As an attachment to its motion to dismiss, S&S included a notice of a charge of discrimination that it received from the EEOC. R. Doc. No. 11-1, at 2; R. Doc. No. 11-2. The notice indicates that Blount filed a charge against S&S for disability discrimination under the Americans with Disabilities Act. R. Doc. No. 11-2, at 1. The Court therefore construes Blount's petition to assert a federal claim under the Americans with Disabilities Act.